IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : Case No.: 4:23-cr-00019-CDL-CHW |
| | : |
| **JASON SELPH,** | : |
| | : |
| **Defendant.** | : |
| | : |

# ORDER

Pending before the Court are two motions filed by Defendant Jason Selph following the Court's denial of a motion to reduce sentence under Amendment 821. Defendant seeks the recusal of District Judge Land (Doc. 40) and appointment of counsel regarding his motion to reduce his sentence. (Doc. 41). Both motions are without merit and are **DENIED**.

Following his guilty plea, Plaintiff was sentenced by Judge Land on January 23, 2024. (Docs. 32, 33). On May 3, 2024, Plaintiff filed a motion to reduce his sentence pursuant to Amendment 821 (Doc. 34), as well as appointment of counsel. (Doc. 36). These motions were referred to then-active U.S. Magistrate Stephen Hyles, and Judge Hyles ordered the Government to respond to Defendant's motion. *See* (Docs. 35, 36); (Doc. 37). The case was reassigned from Judge Hyles to the undersigned Magistrate Judge on July 16, 2024. (Docket note from July 16, 2024). On July 25, 2024, Judge Land denied Defendant's motion to reduce because the amended guidelines did not apply to Defendant's case. (Doc. 39). Judge Land also denied Defendant's motion for appointed counsel. (*Id*.)

1

As Defendant has not provided a basis to appoint counsel in the current filings, his motion (Doc. 41) is denied for the reasons already explained. *See* (Doc. 39).

Defendant now argues that he did not receive notice that Judge Land would be considering his motion and that Judge Land should be recused because he was the sentencing judge in Defendant's case. (Doc. 40). Despite Defendant's confusion about the Magistrate Judge reassignment, Judge Land has always been assigned to Defendant's case, and the motion to reduce sentence was ultimately Judge Land's to rule upon, whether directly or on review of a recommendation. Here Judge Land chose to directly consider and adjudicate Defendant's motion. There is no error.

Additionally, no conflict of interest exists that warrants recusal. Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 555. Under both statutes, "only allegations of 'personal' bias of a judge are sufficient to require disqualification" and the bias must "stem from an extrajudicial source." *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 964–65 (5th Cir. 1980) (citations omitted). The fact that Judge Land originally sentenced Defendant or that Defendant disagrees with prior rulings of the Court does not provide a basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966))). There is no extrajudicial source of bias in this case, and the Court's rulings were based on the record and on the applicable law. A federal judge, having been assigned to a case, has an obligation to hear the case and "should not recuse himself on unsupported, irrational, or highly tenuous speculation." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quoting *United*

2

*States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)). This is exactly what Judge Land did by ruling on Defendant's motion to reduce his sentence and motion for counsel. There is no basis for recusal.

Because the grounds that Defendant raises for recusal are without merit and there is no basis for appointing counsel, his motions for recusal (Doc. 40) and appoint of counsel (Doc. 41) are **DENIED**.

**SO ORDERED**, this 13th day of August, 2024.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge